UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL J. CURTIS JR.,

        Plaintiff,

        Case No. _____

    v.

ROBERT W. BAIRD & CO. INC., CHRISTA
GRAVERSON, ELIZABETH KAPLAN, and
CHRISTINA "CHRISTY" SEIDL,

        Defendants.

---

**NOTICE OF REMOVAL**

---

PLASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants, Robert W. Baird & Co. Inc. ("Baird"), Christa Graverson, Elizabeth Kaplan, and Christina "Christy" Seidl (collectively "Defendants"), remove the above-captioned action from the Milwaukee County Circuit Court, Wisconsin, where it was filed as *Michael J. Curtis Jr. v. Robert W. Baird & Co. Inc., et al.*, Case No. 25-CV-003306, to the United States District Court for the Eastern District of Wisconsin. As set forth below, this action is properly removed because Defendants have complied with the statutory requirements for removal under 28 U.S.C. §§ 1441 and 1446, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, federal question jurisdiction.

1. **State Court Action**. On April 16, 2025, Plaintiff Michael J. Curtis, Jr. filed a Complaint in the Milwaukee County Circuit Court, *Michael J. Curtis Jr. v. Robert W. Baird & Co. Inc., et al.*, Case No. 25-CV-003306 (the "State Court Action"). A true and correct copy of the complaint, service of process, and pending and decided motions in the State Court Action are attached as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

2. **<u>Removal is Timely</u>**. This Notice is timely filed under 28 U.S.C. § 1446(b). On April 30, 2025, Defendant Baird was served with a copy of the State Court Action Summons and Complaint. On May 3, 2025, Defendant Christa Graverson was served with a copy of the State Court Action Summons and Complaint. Later, on May 9, 2025, Defendant Christy Seidl was served with a copy of the State Court Action Summons and Complaint. As of May 14, 2025, Defendant Kaplan has yet to be formally served with the State Court Action Summons and Complaint. This Notice of removal is thus filed within thirty days of service of the Complaint as required by 28 U.S.C. § 1446(b) because the earliest Defendant served, Baird, was served with the Complaint on April 30, 2025.

3. **<u>Venue</u>**. Plaintiff filed this action in the Milwaukee County Circuit Court which is located within the Eastern District of Wisconsin. *See* 28 U.S.C. § 130(a). Accordingly, this action may be removed to this District and Division, as it is the "district and division embracing the place where [the] action is pending." *See* 28 U.S.C. § 1441(a).

4. **<u>Consent for Removal</u>**. All Defendants are represented by the undersigned counsel. All Defendants have consented to and join in the removal of this action as required by 28 U.S.C. § 1446(b)(2).

5. **<u>Nature of Plaintiff's Claims</u>**. Plaintiff's Complaint in the State Court Action is based on Plaintiff's allegations of unlawful employment practices in violation of the Americans with Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964, and the Wisconsin Fair Employment Act (WFEA), as well as allegations of common law defamation. (Exhibit A, Compl. at p. 3.) More specifically, Plaintiff alleges that Defendants failed to reasonably accommodate his disability, he was treated less favorably than other employees based on race and subject to a hostile work environment, he was retaliated against for engaging in

2

protected activity, and Baird's U-5 filing contained false statements of fact. (*Id*. at ¶¶ 16, 18, 20, and 22.)

6. **<u>Federal Question Jurisdiction</u>**. This Court has original subject-matter jurisdiction over Plaintiff's civil action pursuant to its federal question jurisdiction under 28 U.S.C. § 1331. Two of Plaintiff's claims arise under the laws of the United States, specifically the ADA and Title VII of the Civil Rights Act of 1964. *See* 28 U.S.C. § 1331. The Court may also exercise supplemental jurisdiction over Plaintiff's state law claims because it "form[s] part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a). Accordingly, removal to this Court is appropriate pursuant to 28 U.S.C. § 1441(a), which permits removal of any civil action brought in a state court of which the district courts of the United States have original jurisdiction.

7. **<u>Service of Notice</u>**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be sent to Plaintiff, Michael J. Curtis Jr., who is currently appearing *pro se*, and a copy will be filed with the Clerk of Court for the Milwaukee County Circuit Court.

8. **<u>Preservation of Defenses.</u>** By filing this Notice of Removal, Defendants do not waive and hereby affirmatively reserve all rights to assert objections and defenses to Plaintiff's Complaint.

WHEREFORE, Defendants respectfully request that this action be removed from the Milwaukee County Circuit Court, Wisconsin to the United States District Court for the Eastern District of Wisconsin.

Dated this 20th day of May, 2025.

By: s/ Erin M. Cook
      Erin M. Cook
      State Bar No. 1074294
      Ashley E. McNulty
      State Bar No. 1107355
      Godfrey & Kahn, S.C.
      833 East Michigan Street, Suite 1800
      Milwaukee, WI 53202-5615
      Phone: 414-273-3500
      Fax: 414-273-5198
      Email: MCook@gklaw.com

Attorneys for Defendants ROBERT W. BAIRD
& CO. INC., CHRISTA GRAVERSON,
ELIZABETH KAPLAN, and CHRISTINA
SEIDL

4

32968637.1