UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL J. CURTIS, JR.,

    Plaintiff,

v.

ROBERT W. BAIRD & CO., INC.,
CHRISTA GRAVERSON, ELIZABETH
KAPLAN, and CHRISTINA SEIDL,

    Defendants.

Case No. 25-CV-736-JPS

**ORDER**

**1. INTRODUCTION**

  This Order addresses two sets of motions: first, Plaintiff's third motion for appointment of counsel, ECF No. 40 (and a related motion to seal, ECF No. 47); and second, cross-motions by Plaintiff Michael J. Curtis's ("Plaintiff") to permit him to appear remotely for his deposition and by Defendants Robert W. Baird & Co., Inc., Christa Graverson, Elizabeth Kaplan, and Christina Seidl ("Defendants") to compel Plaintiff to appear in person in Milwaukee, Wisconsin for his deposition. ECF Nos. 56, 57. The Court takes up these motions in reverse order. For the reasons stated below, Plaintiff's motion to appear remotely for his deposition will be denied; Defendants' cross-motion to compel him to appear in person will be granted; and Plaintiff's motion for appointment of counsel will be denied.

**2. DEPOSITION CROSS-MOTIONS**

  Defendants' counsel has notified Plaintiff that Defendants "would notice [his] deposition in Milwaukee, citing the forum and residence of three Defendants." ECF No. 56 at 2 (citing ECF No. 56-2 at 4). Plaintiff therefore seeks under Federal Rules of Civil Procedure 26(c) and 30(b)(4) permission to appear remotely at his deposition. *Id.* at 1. Plaintiff, who

resides in Houston, Texas, reasons that he would have to take "multiple days away from work" and incur the costs of "airfare, lodging, and incidental[s]," which would pose a "substantial financial hardship." *Id.* at 2–3.

Defendants oppose Plaintiff's motion and cross-move to compel Plaintiff to appear in person for his deposition for the following reasons. ECF No. 57. They contend that it is standard practice to require "a nonresident plaintiff must appear for his deposition in the forum where he chose to sue." *Id.* at 2 (citing *Chaudhuri v. Int'l Bus. Machs., Corp.*, No. 18-cv-508, 2020 WL 488863, at *4 (E.D. Wis. Jan. 30, 2020) and *New Medium Techs. LLC v. Barco N.V.*, 242 F.R.D. 460, 466–67 (N.D. Ill. 2007)). Second, according to Defendants, "Plaintiff's credibility is central to this case" and as such, a remote deposition "would hinder [their] ability to observe [Plaintiff's] demeanor and non-verbal response." *Id.* at 3. Third, Defendants suggest that Plaintiff's asserted indigence ought not alter the usual practice of requiring a plaintiff to sit for his deposition in the forum where he sued, *id.* (citing *Huddleston v. Bowling Green Inn of Pensacola*, 333 F.R.D. 581, 585 (N.D. Fla. 2019)); Defendants further question whether Plaintiff is indeed indigent, *id.* at 2–3 (citing, inter alia, ECF No. 58-2, an employment offer letter Plaintiff received listing a salary of $107,000 per year). Finally, Defendants contend that Plaintiff has raised only vague "obligations" which "do not justify avoiding an in-person deposition," and note that they have attempted to accommodate Plaintiff's schedule to permit him to attend in person, to no avail. *Id.* at 3, 4.

"The [C]ourt may, for good cause, issue an order to protect a party . . . from . . . undue burden or expense" by "specifying terms, including time and place . . . for . . . discovery" to occur or by "prescribing a discovery method other than the one selected by the party seeking discovery." FED. R.

CIV. P. 26(c)(1). The Court has "broad discretion to decide when a protective order is appropriate and what degree of protection is required." *Learning Res., Inc. v. Playgo Toys Enters. Ltd.*, 335 F.R.D. 536, 537 (N.D. Ill. 2020) (quoting *Shockey v. Huhtamaki,* 280 F.R.D. 598, 600 (D. Kan. 2012)). Relatedly, the Court in its discretion may order that a deposition "be taken by telephone or other remote means." FED. R. CIV. P. 30(b)(4). "When exercising its discretion, this Court 'must balance claims of prejudice and those of hardship and conduct a careful weighing of the relevant facts.'" *Learning Res.*, 335 F.R.D. at 538 (quoting *Usov v. Lazar*, No. 13 CIV 818, 2015 WL 5052497, at *1 (S.D.N.Y. Aug. 25, 2025)) (internal quotation marks omitted).

While it may be more convenient for Plaintiff to be deposed remotely, the Court, in its discretion, does not find that permitting a remote deposition would be appropriate in this instance.

The Court agrees with Defendants that "[t]he general rule . . . that the nonresident plaintiff must appear for deposition in the place [where] he chose to file the lawsuit" applies here. *Chaudhuri*, 2020 WL 488863, at *4 (citing *Mintel Intern. Grp., Ltd. v. Neerghen*, No. 08 C 3939, 2008 WL 10718842, at *2 (N.D. Ill. Aug. 28, 2008) and 8A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2112). "Good cause" to dispense with this requirement generally exists where the "plaintiff [is] physically and financially unable to come to the forum, when to do so would cause hardship to the plaintiff, and when it would be simpler and fairer to take his . . . deposition at his . . . place of residence." 8A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2112 (footnotes omitted). As demonstrated below, Plaintiff does not satisfy any of these criteria.

The Court is not persuaded that requiring Plaintiff to travel to Milwaukee will work a substantial financial hardship on him. To begin,

Page 3 of 13
Case 2:25-cv-00736-JPS    Filed 10/21/25    Page 3 of 13    Document 62

Plaintiff asserts in his reply brief that this Court "[h]as [a]lready [d]etermined [his] [i]ndigency," ECF No. 60 at 1, which is inaccurate. Defendants removed this case from state court in May 2025 and paid the filing fee, and it was the state court that determined Plaintiff's indigency (apparently based only on his 2024 tax return and student loan repayment forbearance status). May 20, 2025 docket notation; ECF No. 1; ECF No. 1-1 at 10–15. The Court cannot say whether, if Plaintiff had filed the case here originally and moved for leave to proceed without prepaying the filing fee, it would have ruled the same way. The Court has so far had no occasion to question the state court's determination of indigency because, when a case is removed, it is the defendant, not the plaintiff, who pays the filing fee. *See* 28 U.S.C. § 1914(a) (requiring "the parties instituting" a federal case to pay the filing fee).[1]

Moreover, whatever Plaintiff's financial status was at the time of filing this case, he has not demonstrated why he cannot *now* afford to attend his deposition in person. *See Huddleston*, 333 F.R.D. at 585 ("Indigence . . . normally will not relieve a plaintiff of the duty to submit to a deposition in the forum district." (citing *Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 591–92 (7th Cir. 1992) and *Gen. Leasing Co. v. Lawrence Photo-Graphic Supply*, 84 F.R.D. 130, 131 (W.D. Mo. 1979)). He represents that he is currently employed (because he will need to take time off to be deposed), however, he does not present any information as to his current income or why it would not cover the costs of attending his deposition. Irrespective of

---

[1] The Court notes parenthetically that the Eastern District's form to request leave to proceed assesses *current* finances. *See Request to Proceed in District Court without Prepaying the Filing Fee*, U.S. DIST. CT. E. DIST. WIS. (Nov. 21, 2024), *available at* https://www.wied.uscourts.gov/forms/request-proceed-district-court-without-prepaying-filing-fee [perma.cc/9YG2-GNEQ]. If Plaintiff had so moved, the Court may have been looking at a different financial picture than the state court did.

whether, as Defendants argue, Plaintiff presently makes a six-figure salary, the Court cannot find that Plaintiff would face a financial burden when Plaintiff has failed to submit relevant information to so demonstrate. *See id.* ("[A]ny litigant who seeks a protective order to preclude a deposition in a particular place[] must establish *with evidence* an inability to attend . . . ."); *see also Newman*, 962 F.2d at 591 (noting district court's denial of deposition by telephone where deponent was "employed, and earning $1,600 a month" and had failed to "submit documentation substantiating the contention that [the deponent] could not come to [the deposition site]").

As for Plaintiff's argument that requiring him to travel to Milwaukee for his deposition will burden him by requiring him to take several days off work, this concern is unpersuasive. Depositions, and traveling to them, are "ordinary inconvenience[s] that any deposition necessarily entails." *Huddleston*, 333 F.R.D at 586. Plaintiff, by taking "the volitional step of initiating the lawsuit," assumed "any reasonable burden or inconvenience that [it] presents." *Id.* at 585 (quoting *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999) and citing *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998)). Defendants have already offered to accommodate Plaintiff's schedule, ECF No. 56-2 at 4, and Plaintiff declined.[2] The Court will not permit Plaintiff to pursue the possible benefits of litigation while simultaneously avoiding its attendant obligations. *Id.* (citing *Rock Springs Vista Dev.*, 185 F.R.D. at 604). Nor will it permit Plaintiff to "shift the expense and inconvenience [of having filed his lawsuit] from him to . . . Defendant[s]." *Mattar v. Cmty. Mem'l Hosp.*, No. 1:04CV95, 2005 WL 6486402, at *1 (N.D. Ind. Feb. 18, 2005).

---

[2]Defendants may still be willing to accommodate Plaintiff's schedule, for example by scheduling the deposition for a Monday or a Friday to decrease the number of days which Plaintiff must take off work.

Defendants' argument that "[c]redibility issues require an in-person deposition" and that they are accordingly "entitled to examine Plaintiff face-to-face" falls somewhat flat. ECF No. 47 at 3. They offer no citation to authority that credibility concerns *entitle* them to depose Plaintiff in person. To the contrary, "remote depositions are a presumptively valid means of discovery" and "many courts have held that remote videoconference depositions offer the deposing party a sufficient opportunity to evaluate a deponent's nonverbal responses, demeanor, and overall credibility." *Learning Res.*, 335 F.R.D. at 539 (quoting *Usov,* 2015 WL 5052497, at *2 and collecting cases). Defendants have also not explained why, exactly, Plaintiff's credibility is at issue in this case—is he making assertions that run contrary to other witnesses' testimony? Are Defendants questioning the extent of his mental health disability or his asserted damages? Notwithstanding these shortcomings in Defendants' argument, the Court ultimately agrees that the general rule requiring Plaintiff's in-person deposition in the district in which he filed his lawsuit controls, and that Plaintiff's concerns to the contrary do not establish good cause to depart from it.

For all these reasons, the Court will grant Defendants' motion and deny Plaintiff's. Defendants do not expressly seek their attorneys' fees and costs incurred in bringing their motion. *See generally* ECF No. 57. The Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses and attorney[s'] fees." FED. R. CIV. P. 37(a)(5)(A). Despite this mandatory language in Rule 37, the Court declines at this time to award Defendants their costs and attorneys' fees related to bringing this motion— Defendants did not affirmatively seek fees and costs so Plaintiff has not had an opportunity to be heard on the matter. However, Defendants are not

precluded from seeking these costs and attorneys' fees, along with other costs and attorneys' fees that may be appropriate relative to the ultimate resolution of Plaintiffs' claims, at the conclusion of this litigation.[3]

The Court ends by calling Plaintiff's attention to an important provision in the Federal Rules that may be pertinent during upcoming depositions. Objections are permitted during depositions, but even when an objection is raised, the deponent must still answer the question asked. FED. R. CIV. P. 30(c)(2) ("An objection at the time of the examination . . . must be noted on the record, but the examination proceeds; the testimony is taken subject to any objection.").

### 3. MOTION FOR APPOINTMENT OF COUNSEL

The Court turns now to Plaintiff's motion for appointment of counsel. ECF No. 40. The Court denied Plaintiff's two previous such motions, noting his "above-average litigation skills." ECF No. 28 at 1 (citing ECF No. 19); *see also* ECF No. 19 at 3. He moves again for appointment of counsel, this time citing "the upcoming demands of deposition practice and trial advocacy that are qualitatively different" from litigation tasks he has done previously. ECF No. 40 at 2. Due to his mental health limitations, he "requests narrowly tailored appointment of counsel for . . . the most adversarial and cognitively demanding aspects of the case: depositions, trial preparation, and courtroom proceedings." *Id.*; *id.* at 6 (arguing that Plaintiff "lacks the functional and psychological capacity to perform these

---

[3]Plaintiff's request for fee-shifting is inappropriate. ECF No. 60 at 6. First, Plaintiff is not an attorney, so in no event can he recover attorneys' fees under Rule 37. Second, he asks the Court to award reasonable costs but does not specify what those costs are. If he is seeking the costs *of attending his deposition*, the Court could not award those under Rule 37 even if Plaintiff had prevailed, because Rule 37 only permits the prevailing party to recover costs incurred in making or opposing the motion.

tasks without appointed counsel"); *id.* at 11 (arguing that these "high-pressure adversarial proceedings . . . trigger his diagnosed impairments").

Plaintiff attaches letters from mental health providers who treated him off-and-on from 2023 to 2025 to show how his mental health conditions impact his abilities. ECF No. 40-1.[4] Plaintiff asserts that these providers have found that his mental health conditions limit his ability to "sustain[] attention during high-stress situations," "[e]ngage with authority figures without triggering dissociation or emotional shutdown," "[t]olerate real-time conflict or adversarial questioning," "[s]peak coherently under stress," or "[p]repare and conduct high-stakes oral tasks such as cross-examinations and jury selection." ECF No. 40 at 7; *see also* ECF No. 54 at 4 (noting that Plaintiff "dissociates when challenged," which is "fatal to live advocacy").

---

[4]The Court already placed under case participant-only restriction Plaintiff's motion and these attachments, which reveal detailed mental health information. ECF No. 44. Plaintiff filed a duplicate motion for appointment of counsel and set of provider letters, ECF No. 48, as well as a duplicate motion to seal, ECF No. 47. The Court will grant the motion to seal and, as it did before, direct that these submissions be placed under case participant-only restriction rather than sealed to the court only. Plaintiff should take care in the future to avoid filing duplicate submissions.

Plaintiff has been instructed on the difference between sealed and restricted documents and how to appropriately seek these confidentiality designations for court filings. ECF No. 44 at 1–3. The Court will summarily deny and/or strike any further inappropriate attempts by Plaintiff to seal filings.

Consistent with the Eastern District of Wisconsin's recent General Order 25-7, to the extent Plaintiff seeks to file material under restriction (or seal, only if appropriate), in addition to submitting that material to the Court, **he must also serve it on Defendants directly**. *Procedures for Access and Management of Sealed and Restricted Documents*, U.S. DIST. CT. E. DIST. WIS. (Sept. 26, 2025), *available at* https://www.wied.uscourts.gov/general-orders/procedures-access-and-management-sealed-and-restricted-documents [perma.cc/4CDU-WX5U]. Submitting material sought to be restricted or sealed only to the Court is no longer sufficient to serve it on the opposing party. *See id.*

Plaintiff overstates these mental health providers' findings. The providers speak to Plaintiff's difficulties with completing tasks, socializing, overthinking and excessive worrying, sustaining attention, decision-making, and regulating his emotions, but they say nothing about dissociation in response to particular events, tolerating conflict, or Plaintiff's ability to litigate.[5] *See generally* ECF No. 40-1. In fact, one provider indicates that Plaintiff has maintained stable functioning in his life despite the stress he has experienced. *Id.* at 7. Plaintiff asks the Court to extract more meaning from these brief clinical summaries than they will bear; the Court will not do so.

Defendants oppose Plaintiff's motion. ECF No. 50. They note that Plaintiff "actively litigated his claims in multiple forums: Wisconsin's Equal Rights Division, the Equal Employment Opportunity Commission, Wisconsin state court, and now this Court." ECF No. 50 at 1. They point out that he has "served a series of broad, complex discovery requests on all Defendants," which he subsequently revised and narrowed, "demonstrating procedural sophistication." *Id.* at 2–3. They also argue that the case is not particularly complex, *id.* at 3, which this Court has already noted, ECF No. 19 at 3. Finally, they argue that Plaintiff's providers have not suggested that he is incompetent to manage his affairs or to handle complex tasks such as litigation. ECF No. 50 at 4–5.

Although the Court is sympathetic to the mental health struggles that Plaintiff (like many others in our society) faces, the Court ultimately agrees with Defendants. Plaintiff is remarkably adept at litigation for

---

[5]Plaintiff also suggests that requiring him to navigate depositions or trial without counsel may exacerbate his mental health symptoms. ECF No. 40 at 7–8. His providers do not speak to how any particular event might impact his symptoms.

someone with no legal training; he sells himself short by claiming that he is incapable of adversarial litigation tasks, as he has been nothing but adversarial to Defendants throughout this case. His mental health conditions, at least as documented by his clinical providers, do not appear to disable him from daily activities or from continuing to litigate this case. In any event, his "psychological history" is just one piece of the puzzle when it comes to appointment of counsel; the Court also considers his "literacy, communication skills, education level, . . . litigation experience," and "intellectual capacity." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Plaintiff's conduct so far in this case demonstrates not only that he has the psychological fortitude to continue on his own, but also that he has the literacy, communication skills, litigation experience, and intellectual capacity to do so.[6] Plaintiff's motion to appoint counsel will therefore be denied.

The Court additionally notes that, to the extent Plaintiff is concerned about preparing and presenting this case for a trial, no trial is yet scheduled in this matter, and will not be unless the case does not resolve through dispositive motion practice or settlement. *See* ECF No. 7 at 2 ("Dates associated with a trial, if necessary, will be determined following the Court's rulings on dispositive motions, should they be filed."). Plaintiff's upcoming tasks are completing discovery and depositions, and participating in motion practice. As to the former, Plaintiff has demonstrated an ability to navigate discovery, having both drafted and responded to discovery requests, ECF No. 50 at 2–3; the Court trusts that

---

[6]Additionally, as the Court already noted, "the fact that Plaintiff is litigating from Texas and . . . the fact that there are a number of pro se litigants already waiting for appointment of counsel" in this District, many of whom are incarcerated and facing tougher constraints than Plaintiff, weigh against appointment of counsel. ECF No. 28 at 2.

Page 10 of 13
Case 2:25-cv-00736-JPS    Filed 10/21/25    Page 10 of 13    Document 62

Plaintiff's skills in this regard will carry him through his deposition. As to the latter, Plaintiff has already filed multiple motions making both factual and legal arguments; he has already demonstrated the skills required to participate in dispositive motion practice.

### 4. CONCLUSION

For the reasons stated herein, Plaintiff's motion to appear remotely for his deposition will be denied, and Defendants' cross-motion to compel him to appear in person for his deposition will be granted. Plaintiff's motion for appointment of counsel will be denied.

As of the date of this Order, Plaintiff has unilaterally filed an "executive summary" related to the parties' apparent proposed cross-motions for summary judgment. ECF No. 61. This filing is in blatant disregard of the Court's protocols, which require the parties to confer and jointly file this document. ECF No. 7 at 7. Further, "the Court will not entertain cross-motions for summary judgment, absent a showing of good cause"; parties seeking to file cross-motions for summary judgment should note as much in the executive summary. *Id.* at 8. If Plaintiff seeks merely to establish that factual disputes preclude judgment as a matter of law for Defendants, then there is no reason for him to file a cross-motion for summary judgment. Only if both parties have legitimate arguments that they are entitled to judgment as a matter of law may they cross-move for summary judgment; if material facts are in dispute, then summary judgment is inappropriate for *either* party. *Id.* at 10 ("If the parties cannot agree upon a set of facts, or if any of the disputed facts are material, then summary judgment is not appropriate." (citing FED. R. CIV. P. 56(a)). Plaintiff's purported executive summary—which appears to be nothing more than an attempt at gamesmanship while Defendants make sincere efforts to comply with the Court's protocols, *see generally* ECF No. 61-2—

will therefore be stricken from the record as impertinent. FED. R. CIV. P. 12(f)(1); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994) (noting district courts may insist on strict compliance with local rules and procedures for summary judgment motions). The Court will only review a single, joint executive summary; Plaintiff may not attempt to submit this, or either of the required statements of undisputed and disputed facts, ECF No. 7 at 9, unilaterally.

The Court's patience with Plaintiff is wearing thin. The Court—not to mention Defendants' counsel and presumably Plaintiff himself (who purports to be so busy with work that he cannot take time off, yet somehow finds the time to respond substantively to each of Defendants' submissions and to make unauthorized filings)—all have many pressing matters to attend to, and Plaintiff's conduct and repeated filings have demanded a disproportionate amount of judicial resources. If Plaintiff continues to exhibit this level of disagreeable behavior, the Court will consider sanctioning him either monetarily or by dismissing his case.

The dispositive motion deadline in this case is currently set for mid-December 2025. ECF No. 27 at 1. Given the complications that have arisen in scheduling Plaintiff's deposition as well as the potential factual disputes apparent from Plaintiff's unauthorized filing, if appropriate and necessary, the parties may move for a brief extension of time to file dispositive motion(s) (and accordingly to file their joint executive summary), and/or for relief from the Court's page limits on the executive summary or statements of disputed facts. ECF No. 7 at 7, 9.

Accordingly,

**IT IS ORDERED** that Plaintiff Michael J. Curtis, Jr.'s third motion for appointment of counsel, ECF No. 40, be and the same is hereby **DENIED**;

Page 12 of 13
Case 2:25-cv-00736-JPS   Filed 10/21/25   Page 12 of 13   Document 62

**IT IS FURTHER ORDERED** that Plaintiff Michael J. Curtis, Jr.'s motion to seal, ECF No. 47, be and the same is hereby **GRANTED**; the Clerk of Court is directed to designate the submissions at ECF Nos. 47 and 48 as restricted to case participants only; these submissions shall remain under restriction until further order of the Court;

**IT IS FURTHER ORDERED** that Plaintiff Michael J. Curtis, Jr.'s motion for a protective order regarding deposition location, ECF No. 56, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendants Robert W. Baird & Co., Inc., Christa Graverson, Elizabeth Kaplan, and Christina Seidl's motion to compel Plaintiff's deposition to take place in person, ECF No. 57, be and the same is hereby **GRANTED**; Plaintiff shall appear for his deposition in person; and

**IT IS FURTHER ORDERED** that Plaintiff Michael J. Curtis, Jr.'s unauthorized executive summary, ECF No. 61, be and the same is hereby **STRICKEN**.

Dated at Milwaukee, Wisconsin, this 21st day of October, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge