# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL J. CURTIS, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT W. BAIRD & CO., INC.,<br>CHRISTA GRAVERSON, ELIZABETH<br>KAPLAN, and CHRISTINA SEIDL,<br><br>    Defendants. | Case No. 25-CV-736-JPS<br><br><br>**ORDER** |

  Plaintiff Michael J. Curtis, Jr. ("Curtis") moved to be permitted to attend his deposition remotely due to his asserted indigence. ECF No. 56. He later unilaterally filed a proposed executive summary of anticipated summary judgment motions. ECF No. 61. The Court denied the motion, required him to appear in person for his deposition, and struck the purported executive summary as non-compliant with the Court's directives. ECF No. 62. He now moves on an emergency[1] basis for reconsideration of the Court's order. ECF No. 63. The motion will be denied.

  Curtis moves for reconsideration under Federal Rule of Civil Procedure 54(b), *id.* at 1, but this rule only refers to judgments. No judgment has been entered in this case so Rule 54 is inapplicable at this time. The Court instead construes the motion as proceeding under Federal Rule of Civil Procedure 60(b)(1) or (6), which permit relief from orders due to

---

[1] Civil Local Rule 7(h) permits "[e]xpedited . . . [m]otion [p]ractice" but limits the length of such motions to three pages and supporting materials to two pages. If Curtis intended to move under this provision, his submission is over these limits and the Court could deny it on this basis alone as a sanction. *See* GEN. L.R. 83(f).

"mistake" or "any other reason that justifies relief." "Rule 60(b) relief is an 'extraordinary remedy' granted only in 'exceptional circumstances.'" *In re Cook Med., Inc.*, 27 F.4th 539, 542 (7th Cir. 2022) (quoting *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009)).

Curtis seeks relief from the requirement that he attend his deposition in person, arguing that his financial situation makes the order an "impossible burden," and seemingly arguing that the Court misapprehended his financial situation. *See* ECF No. 63 at 3. Specifically, he says he is "no longer employed in the industry," is a full-time student, and "receives only Supplemental Nutrition Assistance Program (SNAP) benefits," which confirms his income below the poverty level. *Id.* (emphasis omitted). Curtis attaches to his motion an email dated Monday, September 8, 2025, accepting him to the Houston Community College and a letter dated June 27, 2025 verifying his eligibility for SNAP. ECF No. 63-1.

First, Curtis's representation that he is a full-time student and receives "only" SNAP benefits suggests that he is unemployed and has no other income, which is inconsistent with his previous representations that he is employed; indeed, his employment was one the bases he relied on in seeking to be deposed remotely. ECF No. 56 at 1–2.; *see also* ECF No. 62 at 5. Moreover, these documents were available to him on the date that he filed the motion, ECF No. 56 (filed Oct. 3, 2025), and yet he failed to bring them to the Court's attention at that time. *See* ECF No. 62 at 4–5 (refusing to find that financial burden justified ordering a remote deposition when Curtis "failed to submit relevant information to so demonstrate"). The Court is not obligated to consider them now, because "[a] party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d

1264, 1269 (7th Cir. 1996)). Whether these inconsistencies are mere oversights or intentional obfuscation, Curtis does not get a do-over; the Court will not reconsider its prior decision.

Curtis also asks the Court to "order Defendants to bear the reasonable travel and lodging costs [presumably associated with his in-person deposition] in light of [his] documented indigency." ECF No. 63 at 6 (emphasis omitted). He cites no authority permitting the Court to do so, and the Court will not so order. If Curtis prevails on any of his claims, he may then attempt to recover these and any other litigation costs from Defendants. *See* FED. R. CIV. P. 54(d).

Curtis also seeks that the Court "[r]einstate" the executive summary that he unilaterally filed and which the Court struck. ECF No. 63 at 5. The Court will not do so. As the Court already stated, "district courts may insist on strict compliance with local rules and procedures for summary judgment motions." ECF No. 62 at 12 (citing *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994)). The Court's procedures requiring that the parties *jointly* file any executive summary will continue to apply to Curtis. ECF No. 7 at 7. Curtis additionally requests the Court to "[w]ithdraw the reference to 'gamesmanship'" in its prior order, insisting that his unilateral executive summary was not filed "to gain advantage." ECF No. 63 at 5 (quoting ECF No. 62 at 11). The Court will maintain its word choice. Its directives clearly state that such unilateral filings are not permitted, and Curtis nonetheless chose to unilaterally file the executive summary and moreover now seeks for it to be reinstated on the record. To avoid such characterizations in the future, Curtis should consider his submissions to the Court more thoughtfully and ensure that he is complying with all the Court's directives and the relevant local and federal rules. If Curtis persists

in failing to follow the Court's directives, his case will be summarily dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff Michael J. Curtis, Jr.'s motion for reconsideration, ECF No. 63, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of October, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge