| | |
|---|---|
| MICHAEL J. CURTIS, JR.,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT W. BAIRD & CO., INC.,<br>CHRISTA GRAVERSON, ELIZABETH<br>KAPLAN, and CHRISTINA SEIDL,<br><br>Defendants. | Case No. 25-CV-736-JPS<br><br>**ORDER** |

## 1. INTRODUCTION

The Court previously extended the parties' deadline to file dispositive motions to allow them more time to draft and submit their joint statements of undisputed and disputed facts as required by the Court's Comprehensive Protocols and Procedures Order ("Protocols"). ECF No. 77. On the dispositive motions deadline of March 2, 2026, Defendants Robert W. Baird & Co., Inc., Christa Graverson, Elizabeth Kaplan, and Christina Seidl ("Defendants") filed a motion for summary judgment and supporting papers, ECF Nos. 80–84, and moved for relief from the Protocols, seeking the Court's approval to file a statement of facts to which Plaintiff Michael J. Curtis, Jr. ("Plaintiff") has not fully agreed, ECF No. 78. For the reasons stated below, the Court will grant that motion and accept Defendants' statement of facts in support of their motion for summary judgment.

## 2. BACKGROUND

The primary reason for Defendants' request is "Plaintiff's lack of responsiveness and refusal to engage in good faith" in producing a joint

statement of facts. ECF No. 78 at 2. Plaintiff opposes the motion, arguing that Defendants have "contribute[d] to the alleged impasse" and "declined to review [his] completed revisions," instead opting to "seek unilateral relief." ECF No. 85 at 1. The Court details and comments on further background for these arguments below.

All parties have known about the dispositive motion deadline for many months. *See* ECF No. 67 (November 3, 2025 order setting deadline for executive summary of dispositive motions for twenty days from the Court's ruling on Defendants' motion to dismiss); ECF No. 69 (Dec. 1, 2025 order ruling on Defendants' motion to dismiss); ECF No. 73 (Dec. 23, 2025 order setting February 2, 2026 as date certain for dispositive motions). Likewise, the parties have known about the Court's requirements for dispositive motion practice since shortly after this case was removed to federal court in May 2025. ECF No. 7.

The Court previously granted the parties more time to attempt to arrive at a joint statement of facts, giving Plaintiff the benefit of the doubt when he was unable to engage in the joint drafting process in a timely manner. ECF Nos. 74, 77. Despite receiving this additional time to accommodate his schedule, Plaintiff did not respond to Defendants' proposed statement of facts from February 2 (the date of the Court's earlier extension order) until February 19. ECF No. 78 at 2. Plaintiff avers that these delays arose from deaths in his family. ECF No. 85 at 2. While the Court is sensitive to the demands of family and bereavement on Plaintiff, this explanation is not entirely satisfactory, as Plaintiff himself repeatedly represented to Defendants during this time that he *was* still able to work on the joint statement of facts. ECF No. 85-1 at 10–11 (emails from Plaintiff on February 4, 2026 projecting that he would provide his revisions on the fact

statement by February 9, and on Monday, February 9, 2026, stating that he would "just need [un]til Wednesday [m]orning" to provide revisions to Defendants).

When Plaintiff did provide his revisions to Defendants on February 19—eleven calendar days and six working days before the dispositive motion deadline—he requested to add approximately 200 additional facts and objected to nearly half of Defendants' proposed facts. ECF No. 78 at 2.

Defendants requested several times to meet and confer with Plaintiff to discuss his objections and work through his proposed revisions, finally being able to do so on February 25, 2026. ECF No. 79 at 2. During this meeting, according to Defendants, Plaintiff stated that he was driving and unable to view screens of review documents and further indicated that he "would be driving any time" Defendants were available to meet and confer. ECF No. 79-1 at 2 (emphasis omitted). Nonetheless, Plaintiff eventually told Defendants he "would not oppose a joint submission outright if he could add contextualizing facts." ECF No. 78 at 3; *see also* ECF No. 79-1 at 3–4 (email from Plaintiff outlining his positions on joint statement of facts). Defendants offered Plaintiff until 9:00 a.m. the following day (Thursday, February 26, 2026, or two working days before the dispositive motion deadline) to submit his contextualizing facts. ECF No. 79-1 at 2. Plaintiff said this deadline was unworkable but on Friday, February 27, 2026, promised to circulate his revisions by "tomorrow," i.e., Saturday, February 28, 2026. ECF No. 85-1 at 96. Defendants were not amenable to this timeline in light of Plaintiff's previous failure to meet agreed-upon deadlines. *Id.* at 96–97.

Plaintiff argues that, at this point, he did not "refuse[] to participate," but rather Defendants "chose to stop" engaging in the joint drafting process

with him. ECF No. 85 at 2. He points out that he "asked Defendants to confirm whether they would review his completed revisions and reiterated his willingness to meet and confer in good faith." *Id.*; *see also* ECF No. 85-1 at 99–100 (emails from morning of Saturday, February 28, 2026). Plaintiff indicated to Defendants around 9:00 a.m. the morning of Saturday, February 28, 2026 that he was "continuing to work toward completing [his] revisions," providing no specific time by which he believed his work would be finished. ECF No. 85-1 at 100. However, Defendants indicated that their "current position remain[ed]" and did not indicate any willingness to consider the further revisions that Plaintiff purportedly had underway. *Id.* Thereafter, Plaintiff did not provide any further revisions to the fact statement to Defendants. ECF No. 78 at 3.

### 3.     ANALYSIS

Contrary to Plaintiff's suggestion, ECF No. 85 at 1, Federal Rule of Civil Procedure 6's "good cause" standard does not control the analysis of whether the Court may excuse compliance with its own Protocols. Rather, "district courts have broad discretion to manage their dockets." *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006) (citing *Koszola v. Bd. of Educ. of the City of Chicago,* 385 F.3d 1104, 1109 (7th Cir. 2004)). "[L]ocal procedural rules" and their progeny, such as the Court's Protocols, "are important case management tools." *Id.* at 706–07 (citation omitted). At the same time, "courts have broad discretion to determine how and when to enforce local rules, . . . and they have the inherent authority to decide when a departure from their Local Rules should be excused." *Murata Mfg. Co. v. Bel Fuse, Inc.*, 242 F.R.D. 470, 474 (N.D. Ill. 2007) (citing *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994); *Somlyo v. J. Lu–Rob Enter.*, 932 F.2d 1043, 1048 (2d Cir. 1991); and *Brengettcy v. Horton,* 423 F.3d 674 (7th Cir. 2005)). "An

appropriate circumstance for excusing non-compliance with rules is when compliance would have been an exercise in otiosity," or futility. *Id.*

The Court's discretion to manage its own dockets and insist on compliance with its own Protocols—which are a subset of the Local Rules specific to parties practicing before this branch of the Court—necessarily also implies discretion to excuse compliance with them. In this case, the wiser exercise of the Court's discretion in the present circumstances is to grant Defendants' motion.

The above-described facts persuade the Court that Plaintiff has engaged in and continues to engage in a pattern of delay, and further—regardless of whether that pattern of delay is the result of innocent circumstances or intentional obfuscation—that further accommodating his professed desire to contribute to the summary judgment fact statement would be futile. Plaintiff had many opportunities to submit his desired changes on the statement of facts to Defendants in a timely manner, and failed to do so. Plaintiff has known about the joint drafting process since the inception of his case, and has had since late December 2025 to participate with Defendants in it. While his requests for more time to submit his edits in mid-February, when he experienced deaths in his family, are understandable (and in fact were accommodated by Defendants), these requests cannot be viewed in isolation. Plaintiff's failure to timely provide his edits to Defendants prior to that time necessitated the extension of the dispositive motions deadline in the first place. His most recent request that Defendants wait for his revisions to the statement of facts until some unspecified time on the Saturday before summary judgment motions were

due is unreasonable and Defendants were not required to accommodate it.[1] In addition to Plaintiff's pattern of delay on providing edits to Defendants, his failure to meet and confer with Defendants on his requested edits until almost a week later—and then his joining the meet and confer while driving and unable to review documents, and his further statement that he "would be driving any time" Defendants were available to meet and confer—suggests intentional obfuscation.

The Court finds that, at this point, Defendants have made all reasonable efforts to draft a joint statement of facts, incorporating both parties' facts relevant to summary judgment, in compliance with the Protocols. Plaintiff would lay the blame at Defendants' feet for "choosing to stop" the joint drafting process by failing to accommodate his last-minute request for more time to submit revisions. This deflects Plaintiff's own responsibility: he has had many months and many opportunities to incorporate his facts into the statement to be submitted to the Court, and has failed to do so. The Court therefore finds it entirely appropriate in these circumstances to permit Defendants to file their statement of facts for summary judgment, even though the submission does not follow the Protocols exactly.

Defendants' motion will be granted and their statement of facts, ECF No. 78-1—which already contains the facts that Plaintiff requested to add—will serve as the operative statement of facts for summary judgment. This is the only statement of facts that the Court will consider at summary

---

[1]The Court also wonders what additional "contextualizing facts" Plaintiff could have possibly needed to add to the fact statement when Defendants had already sent him a version of the fact statement incorporating the 200 facts he previously requested to add. ECF No. 78 at 3.

judgment. *See* ECF No. 77 at 2 n.1.[2] Again, this statement includes those facts that Plaintiff previously asked Defendants to incorporate; Plaintiff has foregone the opportunity to add anything further to the fact statement to be considered at summary judgment. If Plaintiff attempts to add further facts to the record in his opposition brief or in any other submission, those facts will be disregarded.

At this time, the Court declines to address Defendants' arguments that Plaintiff's objections to the fact statement "lack[] merit." ECF No. 78 at 2. To the extent Plaintiff believes that any fact in the now-operative statement of facts, ECF No. 78-1, is disputed or immaterial, his opposition brief is the place to explain that. The Court will take up objections to materiality, evidentiary objections, and other objections in its summary judgment merits order.

## 4. CONCLUSION

For all the reasons stated above, Defendants' motion is granted, and this case will proceed through summary judgment in accordance with the instructions above. The page limits and briefing deadlines in Civil Local Rule 56 apply.

Accordingly,

**IT IS ORDERED** that Defendants Robert W. Baird & Co., Inc., Christa Graverson, Elizabeth Kaplan, and Christina Seidl's motion for relief from the Court's summary judgment protocols, ECF No. 78, be and the same is hereby **GRANTED**; and

---

[2]Plaintiff was permitted to file a cross-motion for summary judgment. *See* ECF No. 77 at 1. He did not do so by the March 2 deadline, presumably because he was "await[ing] further guidance from the Court." ECF No. 85-1 at 101. Even if he had timely filed a cross-motion (or if he later attempts to), he would not be entitled to file his own statement of facts. ECF No. 77 at 2 n.1

**IT IS FURTHER ORDERED** that Defendants' statement of facts, ECF No. 78-1, shall serve as the operative statement of facts for purposes of summary judgment.

Dated at Milwaukee, Wisconsin, this 10th day of March, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge